IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN J. GIESWEIN,
No. 16635-064,

Petitioner,

vs.  Case No. 14-cv-00515-DRH

WARDEN WALTON,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Shawn J. Gieswein is currently incarcerated in the U.S. Pentitentiary at Marion, Illinois, serving a 240-month sentence for possession of a firearm by a convicted felon, and a concurrent 120-month sentence for witness tampering. *United States v. Gieswein*, Case No. 07-cr-120 (W.D. Okla. Nov. 27, 2007), *aff'd* 346 F. App'x 293 (10th Cir. 2009). The instant petition seeking relief under 28 U.S.C. §2241 was filed on May 6, 2014, and asserts that Gieswein was improperly given an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He claims that two of his three prior felony convictions, a 1995 conviction for destruction of an automobile by an explosive device and a 2000 conviction for lewd molestation of a minor relative, should not have been counted as "crimes of violence" within the meaning of the ACCA.[1]

---

[1] Petitioner's third qualifying conviction under the ACCA was in 2004 for first degree burglary. He raises no challenge involving this conviction.

On January 6, 2011, Gieswein filed a motion pursuant to 28 U.S.C. § 2255, raising ten distinct challenges to his conviction and sentence (Doc. 1, p. 16). That motion was denied on July 21, 2011. *Gieswein v. United States*, Case No. 11-cv-21 (W.D. Okla.). He then twice sought permission from the Tenth Circuit to bring a second or successive § 2255 motion, but both attempts failed. *In Re Geiswein*, No. 13-6022, denied Feb. 21, 2013; *In Re Geiswein*, No. 13-6206, denied Sept. 24, 2013.[2] In the second of these actions, he raised the same challenge to the use of his 2000 lewd molestation conviction under the ACCA as he brings herein. More recently, he raised this argument again in a motion to reduce sentence filed in his criminal case. That motion was denied on April 17, 2014, for lack of jurisdiction (Doc. 192 in criminal case).

In the instant § 2241 petition, Gieswein challenges both the lewd molestation and the destruction-by-explosive convictions based on the reasoning in *Begay v. United States*, 553 U.S. 137 (2008) (holding that the felony offense of driving under the influence of alcohol is not a violent felony within the meaning of the ACCA). He further relies on *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013), *vacated after rehearing en banc*, March 7, 2014; *United States v. Caceres-Olla*, 738 F.3d 1051 (9th Cir. 2013); and *United States v. Goodpasture*, 595 F.3d 670 (7th Cir. 2010). Each of these cases held that similar sexual offenses were not "violent felonies." He seeks to be resentenced without the ACCA mandatory-minimum of 15 years.

---

[2] Petitioner includes the Tenth Circuit's order denying his September 2013 application to bring a successive § 2255 motion at Doc. 1, pp. 15-18.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under §

2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Gieswein's arguments herein are wholly based on the reasoning in *Begay v. United States*, 553 U.S. 137 (2008). While *Begay* is indeed a statutory interpretation case that has been applied retroactively, it is not "new," but was decided well before petitioner brought his § 2255 motion in January 2011. Thus, he could have raised his arguments in that proceeding. Moreover, as the Tenth Circuit pointed out in denying Gieswein's 2013 application to bring a successive § 2255 motion, *Begay* was decided even before that court ruled on his direct appeal (Doc. 1, p. 18).

*Descamps v. United States*, 133 S. Ct. 2276 (2013), also cited by petitioner, explains that courts may not follow the "modified categorical approach" when analyzing the ACCA's applicability to a statute. It does not alter this Court's conclusion that petitioner could have raised his challenge under § 2255 if not on direct appeal.

The three more recent cases from the Seventh, Ninth, and Eleventh Circuits also do not suffice to bring this challenge within the savings clause. First, each of these decisions derives from the *Begay* analysis. As such, they do not establish a new rule of statutory interpretation, but simply apply the *Begay* rule to a specific state criminal statute to determine that a conviction under the particular state law should not have been considered a "crime of violence" for ACCA-enhancement purposes. The Seventh Circuit's decision in *United States v. Goodpasture*, 595 F.3d 670 (7th Cir. 2010) (holding in a direct appeal that California conviction for lewd or lascivious act involving victim under age 14 was not a "violent felony" and

remanding for resentencing), was announced in February 2010, nearly one year before petitioner brought his § 2255 motion. He thus could have raised it in that action in January 2011, but failed to do so.

The Ninth Circuit's decision in *United States v. Caceres-Olla,* 738 F.3d 1051 (9th Cir. 2013), was issued too late for petitioner to have referenced it in his § 2255 action. However, it follows a similar analysis as in *Goodpasture*, and adds nothing new to the arguments that could have been raised in the original § 2255 proceeding. *Caceres-Olla* is not an ACCA case, but addressed the question of whether a Florida felony conviction for lewd and lascivious battery qualified as a crime of violence within the meaning of the sentencing guidelines applicable to the offense of unlawful re-entry into the United States (USSG 2L1.2). The relevant guideline (USSG 2L1.2(b)(1)(A)(ii)) defines a "crime of violence" differently than does the ACCA, although there is some overlap. This case does not give petitioner another "bite at the apple" to raise issues that could have, and should have been raised either on direct appeal or in his § 2255 challenge.

The final case petitioner cites in his challenge to the sex offense, *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013), is no longer good law, as the opinion he relies on was vacated following an *en banc* rehearing.

Turning to Gieswein's other disputed predicate felony conviction, for destruction of property by an explosive device, his argument that the statute under which he was convicted is not a "generic" crime of violence is unavailing (Doc. 1, pp. 9-10, 13-14). Again, this argument could have been raised in each of

the previous challenges to petitioner's conviction and sentences. Further, it fails on the merits.

Petitioner may be correct that the Oklahoma statute under which he was convicted did not include an element that "requires a serious potential risk of physical injury to another"[3] (Doc. 1, p. 9). However, 28 U.S.C. § 924(e)(2)(B)(ii) specifically states that a crime that "involves the use of explosives" will count as a "violent felony" for purposes of the ACCA. There is no doubt that petitioner's prior conviction falls within this specific definition, therefore, his challenge based on the "catch-all" provision which includes crimes involving a serious potential risk of physical injury has no merit. Where there is a specific statutory provision such as the "use of explosives" definition of a violent felony, it will take precedence over a more general provision. "When a statute delineates specific obligations, 'we will not read a catchall provision to impose general obligations' that include or supersede the enumerated obligations, and we should hesitate to adopt 'an interpretation of a congressional enactment which renders superfluous another portion of that same law.'" *Scherr v. Marriott Intern., Inc.*, 703 F.3d 1069, 1077 (7th Cir. 2013) (quoting *United States v. Jicarilla Apache Nation*, — U.S. —, 131 S. Ct. 2313, 2330 (2011)).

**Disposition**

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*,

---

[3] Here, petitioner references 28 U.S.C. § 924(e)(2)(B)(ii), which states that a "violent felony" under the ACCA means a felony that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"

petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[4] It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

---

[4] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: May 29, 2014**

Digitally signed by David R. Herndon
Date: 2014.05.29 11:08:55 -05'00'

**Chief Judge**
**United States District Court**